**Jose Manuel RODRIGUEZ,**
**Petitioner–Appellee,**

**v.**

**UNITED STATES of America,**
**Respondent–Appellant.**

**No. 1447, Docket 96–2763.**

United States Court of Appeals,
Second Circuit.

Argued May 8, 1997.

Decided July 8, 1997.

</div>

Craig A. Stewart, Assistant United States Attorney for the Southern District of New York (Mary Jo White, United States Attorney for the Southern District of New York, of Counsel), for Respondent–Appellant.

Edward S. Zas, New York City, The Legal Aid Society, Federal Defender Division, Appeals Bureau, for Petitioner–Appellee.

Before: FEINBERG, CARDAMONE and LEVAL, Circuit Judges.

FEINBERG, Circuit Judge:

The government appeals from an order of the United States District Court for the Southern District of New York, Shirley Wohl Kram, J., denying the government's motion to resentence defendant Jose Manuel Rodriguez on an underlying, unchallenged drug trafficking conviction after the court, in the same order, had granted Rodriguez's collateral challenge to his related firearm conviction pursuant to *Bailey v. United States,* — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *United States v. Gordils,* 117 F.3d 99 (2d Cir.1997), also filed today, we affirmed a district court's exercise of jurisdiction to resentence a defendant in similar circumstances. This appeal raises questions not explicitly addressed in our opinion in *Gordils.* For reasons set forth below, we reverse the district court's order in part and remand for further proceedings.

## I. Background

Rodriguez was convicted after a jury trial on a single drug trafficking count and for using and carrying a firearm during and in relation to the drug trafficking crime, in violation of 18 U.S.C. § 924(c).[1] In June 1992, Judge Kram sentenced Rodriguez principally to a term of 97 months incarceration on his drug trafficking offense. In addition, Rodriguez was sentenced to a consecutive five-year

term of imprisonment for the firearm violation.

Because of the § 924(c) conviction, Judge Kram was precluded at that time from increasing Rodriguez's offense level on his drug crime pursuant to United States Sentencing Commission Guidelines Manual § 2D1.1(b)(1), which requires a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." See U.S.S.G. § 2K2.4, Comment (n.2 & Backg'd) (to avoid double counting, "[w]here a sentence under [§ 924(c) ] is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm ... is not to be applied in respect to the guideline for the underlying offense."); *United States v. Howard,* 998 F.2d 42, 48 (2d Cir.1993).

Rodriguez appealed his convictions, and we affirmed in an unpublished order, *United States v. Rodriguez,* No. 92–1393, 990 F.2d 1250 (2d Cir.1993).

After Rodriguez's appeal had been decided and he had started serving his sentence, the United States Supreme Court decided *Bailey.* In that case, the Court limited the scope of the term "use" in § 924(c), which penalizes the "use" of a firearm in a narcotics offense. The Court held that § 924(c) "requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." — U.S. at —, 116 S.Ct. at 505. *Bailey* in effect overruled this circuit's holdings that active use was not required to sustain a conviction under § 924(c). See, e.g., *United States v. Fermin,* 32 F.3d 674, 678 (2d Cir.1994), cert. denied, 513 U.S. 1170, 115 S.Ct. 1145, 130 L.Ed.2d 1104 (1995).

In 1996, Rodriguez filed the instant petition under 28 U.S.C. § 2255 to vacate his § 924(c) conviction and sentence in light of

---

1. Section 924(c)(1) provides, in pertinent part, Whoever, during and in relation to any crime of violence or drug trafficking crime ... *uses or carries a firearm,* shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, ... *the*

*term of imprisonment imposed under this subsection [shall not] run concurrently with any other term of imprisonment* including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.
18 U.S.C. § 924(c)(1) (emphasis added).

*Bailey.* The petition did not attack the underlying drug trafficking violation. The government did not oppose Rodriguez's petition, but moved for resentencing. It urged the court to do what it could not do at the original sentencing, i.e., impose a two-level enhancement for possession of a firearm in connection with the drug trafficking offense, pursuant to U.S.S.G. § 2D1.1(b)(1).

In July 1996, Judge Kram vacated Rodriguez's § 924(c) conviction and sentence. However, the judge concluded that she did not have jurisdiction to resentence Rodriguez on the remaining narcotics count.[2]

This appeal followed.

## II. Discussion

The government argues generally that a district court has jurisdiction under 28 U.S.C. § 2255 to apply the § 2D1.1(b)(1) enhancement in resentencing a defendant whose § 924(c) conviction has been vacated on collateral review. As already indicated, we have decided that issue today in favor of the government in *Gordils,* argued before us together with this appeal.[3] In that case, we held that, "at least in the context of a 'truly interdependent' sentence such as where a mandatory consecutive sentence affects the applicable offense level under the guidelines[,] the language of § 2255 provides sufficient statutory authority for a district court to exercise its jurisdiction to resentence defendants 'as may appear appropriate.'" 117 F.3d at 104.

■ This appeal raises additional issues, not discussed in *Gordils.* In concluding that she lacked jurisdiction, Judge Kram stated that she had originally "sentenced [Rodriguez] to individual sentences for each count rather than imposing a single sentencing package." Rodriguez contends that the district court

did not feel constrained by the mandatory, consecutive § 924(c) sentence to impose a lower sentence on the underlying count of conviction than it would have imposed in the absence of the § 924(c) sentence.... Rather, the court concluded that a 97–month sentence, the top of the guideline range at Offense Level 28, was appropriate in light of the totality of the circumstances....

From this, Rodriguez argues that his sentences are not "truly interdependent" for purposes of the district court's jurisdiction over resentencing. Rodriguez further argues that Judge Kram explicitly took into account his possession of a weapon in determining his sentence on the drug count,[4] and that she cannot now enhance his sentence under § 2D1.1(b)(1). The issue of the district court's jurisdiction is purely one of law and we review the conclusions of the district court de novo.

■ Rodriguez's arguments are meritless. The guidelines establish a truly interdependent relationship between his mandatory consecutive sentence required under § 924(c) and the sentence on the underlying drug trafficking offense. At the 1992 sentencing, because of the § 924(c) conviction the government could not seek, nor could the court impose, the two-level enhancement called for by § 2D1.1(b)(1). Given that legal relationship, the district judge's subjective belief that the sentences were separate and not a "package" was not sufficient to defeat her jurisdiction under § 2255 to resentence defendant on the drug count.

---

**2.** The judge relied on her earlier decision in the unrelated case of *Madeline Rodriguez v. United States,* 933 F.Supp. 279 (S.D.N.Y.1996).

**3.** Both Rodriguez and Gordils were represented by the same counsel, Edward S. Zas. Mpounas, although represented separately, chose not to submit a brief or argue separately, but joined in the brief and arguments made by his co-defendant Gordils. The government was likewise represented by the same counsel, Craig A. Stewart, on both appeals.

**4.** At sentencing, Judge Kram stated,

I sat through this trial. You were involved in very serious criminal activity, *you had a weapon, this weapon was concealed.* If I recall accurately, you had been involved in this for a period of four years, so it certainly was not some passing incident.

I think that you are a great danger to the community dealing in drugs as you did, while it is possession, *and the use of a firearm during drug trafficking* .... and I think, accordingly, you should be dealt with very seriously....

Tr. 9 (emphasis added).

██ Moreover, Rodriguez misses the point. In her July 1996 order, Judge Kram stated that she had originally sentenced Rodriguez on the drug count to the "maximum sentence permitted in the applicable Guidelines range." One of the issues before the district court in July 1996 was whether, once the § 924(c) offense had been invalidated, Rodriguez's original offense level (28) on the drug count should be enhanced by two levels under § 2D1.1(b)(1). This would have increased the "maximum sentence permitted in the applicable Guidelines range" on that count from 97 months to 121 months. The judge erroneously refused to consider that enhancement because of a supposed lack of jurisdiction.

For the reasons stated above, we reverse the order of the district court to the extent that it denied the government's motion to resentence Rodriguez and remand for further proceedings consistent with this opinion.