**UNITED STATES of America, Appellee,**

v.

**Jose Ramon GORDILS and Nicholas Mpounas, Defendants–Appellants,**

**Gregory Melendez and Francisco Bastar, Defendants.**

**Nos. 1585,1586, Dockets 96–1691,96–1701.**

United States Court of Appeals, Second Circuit.

Argued May 8, 1997.

Decided July 8, 1997.

Edward S. Zas, New York City, The Legal Aid Society, Federal Defender Division, Appeals Bureau for Defendant–Appellant Gordils; Charles T. Theofan, Mineola, NY, for defendant-appellant Mpounas.

Craig A. Stewart, New York City, Assistant United States Attorney for the Southern District of New York (Mary Jo White, United States Attorney for the Southern District of New York, of Counsel), for appellee United States of America.

Before: FEINBERG, CARDAMONE and LEVAL, Circuit Judges.

FEINBERG, Circuit Judge:

This appeal raises an important issue in administering the criminal law: whether a district court has jurisdiction to resentence a defendant on an underlying, unchallenged drug trafficking conviction where, pursuant

to *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the defendant has successfully challenged a related firearm conviction in a 28 U.S.C. § 2255 petition. Defendants Jose Ramon Gordils and Nicholas Mpounas appeal from a judgment entered in October 1996 in the United States District Court for the Southern District of New York, David N. Edelstein, J. The judge found that he did have such jurisdiction and resentenced defendants. *Gordils v. United States*, 943 F.Supp. 346 (S.D.N.Y.1996). For reasons set forth below, we affirm.

## I. Background

Gordils and Mpounas were both convicted after a jury trial of multiple drug trafficking offenses and of using and carrying a firearm during and in relation to their drug trafficking crimes, in violation of 18 U.S.C. § 924(c).[1] In April 1990, Judge Edelstein sentenced Gordils principally to three concurrent 151–month terms on his narcotics crimes. The judge sentenced Mpounas principally to four concurrent 188–month terms on his drug counts. Each sentence was at the top of the respective applicable guidelines range. In addition, each defendant was sentenced under § 924(c) to a mandatory consecutive five-year term of imprisonment for the firearm violation.

Because of the § 924(c) convictions, Judge Edelstein was precluded from enhancing defendants' base offense levels on their drug crimes by two levels for possession of a firearm, pursuant to United States Sentencing Commission Guidelines Manual § 2D1.1(b)(1).[2] See U.S.S.G. § 2K2.4, Comment (n.2 & Backg'd) (to avoid double counting, "[w]here a sentence under [§ 924(c) ] is imposed in conjunction with a sentence for an underlying offense, any specific offense char-

---

1. Section 924(c)(1) provides, in pertinent part,

   Whoever, during and in relation to any crime of violence or drug trafficking crime ... *uses or carries a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, ... *the term of imprisonment imposed under this subsection [shall not] run concurrently with any*

   *other term of imprisonment* including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

   18 U.S.C. § 924(c)(1) (emphasis added).

2. That section provides, under the heading of "Specific Offense Characteristics," that, "[i]f a dangerous weapon (including a firearm) was possessed, increase [base offense level] by 2 levels." U.S.S.G. § 2D1.1(b)(1).

acteristic for the possession, use, or discharge of an explosive or firearm ... is not to be applied in respect to the guideline for the underlying offense."); *United States v. Howard*, 998 F.2d 42, 48 (2d Cir.1993).

Defendants appealed their convictions, and this court affirmed in *United States v. Gordils*, 982 F.2d 64 (2d Cir.1992), cert. denied, *Bastar v. United States*, 507 U.S. 1054, 113 S.Ct. 1953, 123 L.Ed.2d 657 (1993).

After the appeals had been decided and defendants had started serving their sentences, the United States Supreme Court decided *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *Bailey*, the Court limited the scope of the term "use" in § 924(c), which penalizes the "use" of a firearm in a narcotics offense. The Court held that § 924(c) "requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." —— U.S. at ——, 116 S.Ct. at 505. *Bailey* in effect overruled this circuit's holdings that active use was not required to sustain a conviction under § 924(c). See, e.g., *United States v. Fermin*, 32 F.3d 674, 678 (2d Cir.1994), cert. denied, 513 U.S. 1170, 115 S.Ct. 1145, 130 L.Ed.2d 1104 (1995).

Thereafter, each defendant filed a petition under 28 U.S.C. § 2255 to vacate his § 924(c) conviction and sentence in light of *Bailey*. The petitions did not attack any of the underlying drug trafficking violations. The government did not oppose defendants' § 2255 petitions. Instead, it moved for resentencing, asking the court to consider whether to enhance each defendant's offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with the underlying drug crimes.

Judge Edelstein thereafter vacated Gordils's and Mpounas's § 924(c) convictions pursuant to *Bailey*. The judge also determined that defendants could be resentenced on the underlying narcotics counts and that he would consider whether to enhance defendants' offense levels under § 2D1.1(b)(1). In October 1996, the judge determined that Gordils and Mpounas were subject to the two-level enhancement on these counts. 943

F.Supp. at 354. Judge Edelstein resentenced Gordils to three concurrent sentences of 188 months imprisonment, less time already served. This was 23 months less than Gordils's original total sentence, but 37 months more than his original sentence on the narcotics counts. The judge sentenced Mpounas to four concurrent sentences of 235 months imprisonment, less time already served—13 months less than his original total sentence, but 47 months longer than his original sentence on the narcotics counts. *Id.* at 355–56. Again, each sentence fell at the top of the new applicable guidelines range.

These appeals followed.

## II. Discussion

■ Defendants argue to us only that the district court lacked jurisdiction to increase their sentences on narcotics convictions "that became final long ago" and that they have not challenged. They rely on 18 U.S.C. § 3582(c), which provides that a "court may not modify a term of imprisonment once it has been imposed except that (1) in any case ... (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure...." All parties agree that Rule 35 does not apply here. Thus, the question is whether modification of defendants' original narcotics sentences is "expressly permitted" by any other statute. The issue thus raised is purely one of law and we review the conclusions of the district court de novo.

■ The government contends that 28 U.S.C. § 2255, the federal statute under which defendants sought post-conviction relief, itself grants such permission. That statute provides that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is other-

wise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. ... If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, *the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.*

28 U.S.C. § 2255 (emphasis added).

Defendants reply that when a prisoner petitions to "vacate, set aside or correct the sentence," only the sentence under attack in the § 2255 petition is brought before the court for consideration, citing *United States v. Rosen*, 764 F.2d 763, 766 (11th Cir.1985). Defendants add that the plain language of the statute allows only a "prisoner in custody" to petition a district court for modification of a sentence, and that defendants did not challenge their convictions on the narcotics counts. Certainly, defendants argue, the government could not bring the defendants' remaining counts before the district court because the government is not a "prisoner in custody" eligible to bring a § 2255 petition. *Warner v. United States*, 926 F.Supp. 1387, 1398 (E.D.Ark.1996) ("no matter how hard one tries, one simply cannot shoehorn the United States into the class of persons who are entitled to seek relief under [§ 2255]"). Therefore, defendants contend, the district judge did not have jurisdiction to reopen their sentences on the unchallenged drug trafficking counts.

In the wake of *Bailey*, the jurisdictional issue thus posed has not surprisingly been considered by a number of other circuits. All of them have concluded that a district court does have jurisdiction under § 2255 to resentence a defendant on a related, unchallenged drug conviction when the defendant has successfully challenged his § 924(c) conviction pursuant to *Bailey. United States v. Isidro Rodriguez*, 112 F.3d 26 (1st Cir.1997); *United States v. Davis*, 112 F.3d 118 (3d Cir.1997); *United States v. Hillary*, 106 F.3d 1170 (4th Cir.1997); *United States v. Gustavo Perdomo Rodriguez*, 114 F.3d 46 (5th Cir.1997); *United States v. Binford*, 108 F.3d 723 (7th Cir.), cert. denied, —— U.S. ——, 117 S.Ct. 2530, 138 L.Ed.2d 1029 (1997); *Gardiner v. United States*, 114 F.3d 734 (8th Cir.1997); *United States v. Harrison*, 113 F.3d 135 (8th Cir.1997); *United States v. Handa*, 110 F.3d 42 (9th Cir.1997); *United States v. Mixon*, 115 F.3d 900 (11th Cir. 1997); *United States v. Morris*, 116 F.3d 501 (D.C.Cir.1997).

We agree with our sister circuits and, in view of their virtual unanimity in result and reasoning,[3] will discuss defendants' arguments only briefly. With regard to the text of § 2255, those courts have held in these circumstances that the district court's power extends not just to the conviction attacked by a defendant but to "an aggregate, indivisible term of imprisonment...." *United States v. Binford*, 108 F.3d at 728. The courts have concluded that the use of the term "sentence" in § 2255 is not necessarily as narrow as defendants contend. For example, the statute refers to a "prisoner in custody under sentence of a court." But since the mandatory five-year sentence imposed under § 924(c) runs consecutively to the unexpired sentences on their drug trafficking crimes, defendants are currently "in custody" serving the "sentence" for the drug crimes. See, e.g., *United States v. Hillary*, 106 F.3d at 1172. That being the case, defendants were able to challenge their § 924(c) convictions only by accepting some form of an aggregate sentence theory. See *id.*; *Peyton v. Rowe*, 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968) (holding that "a prisoner serving consecutive sentences is 'in custody' under any one of them" for purposes of § 2241); *Garlotte v. Fordice*, 515 U.S. 39,

---

**3.** Only the Ninth Circuit in *United States v. Handa*, 110 F.3d at 44, based jurisdiction on statutory authority other than § 2255. Instead, it concluded that, even on collateral review, "any appellate court ... vacating a conviction under

*Bailey* ... may exercise [its] power [under 28 U.S.C. § 2106] to vacate the entire sentence so that the district court will be free to restructure the sentencing package according to the appropriate section of the Guidelines."

——, 115 S.Ct. 1948, 1952, 132 L.Ed.2d 36 (§ 2254 petitioner may challenge prior, expired sentence to which current sentence was consecutive, because "[u]nder *Peyton,* we view consecutive sentences in the aggregate, not as discrete segments"). Moreover, " § 2255 explicitly directs the court to vacate the 'judgment,' and appellants do not dispute the singularity of the judgments under which each is imprisoned." *United States v. Morris,* 116 F.3d at 504. Read in that light, the italicized language quoted above from § 2255 gives a district court broad and flexible remedial authority, having "vacate[d] and set the judgment aside," to resentence a defendant and correct the sentence as appropriate. See, e.g., *United States v. Harrison,* 113 F.3d at 137.

Moreover, this result makes good sense and is in accord with our precedents. When defendants were originally sentenced under the sentencing guidelines, the district court was precluded by the § 924(c) convictions from considering the applicability of § 2D1.1(b)(1). Now that the § 924(c) convictions have been eliminated from the sentencing equation, there is no persuasive reason why the district court should not be able to consider enhancing defendants' offense levels on the drug counts under § 2D1.1(b)(1). This does nothing more than put defendants in the same position they would have occupied had they not been convicted under § 924(c) in the first place. See e.g., *United States v. Hillary,* 106 F.3d at 1172. To hold otherwise would mean that a defendant who successfully challenges his § 924(c) conviction collaterally cannot be punished for his possession of a firearm, even though, as we point out below, a defendant bringing a direct challenge to the same conviction could be held so liable. Such a result would be anomalous.

Our precedents certainly support, if not actually compel, this conclusion. Had we vacated the § 924(c) convictions of these defendants on direct appeal, the district court would clearly have had jurisdiction to resentence defendants on the narcotics convictions, including imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(1). See, e.g., *United States v. Vasquez,* 85 F.3d 59, 61 (2d

Cir.1996); *United States v. Bermudez,* 82 F.3d 548, 550 (2d Cir.1996) (per curiam), appeal after remand, 112 F.3d 505 (2d Cir.), cert. denied, —— U.S. ——, 117 S.Ct. 2525, 138 L.Ed.2d 1026 (1997); see also *United States v. Versaglio,* 85 F.3d 943, 949 (2d Cir.1996) (stating that we have allowed resentencing only "where the revised sentence would be imposed on a count that was the same as, or related to, the count on which a component of the sentence was invalidated ...")

Defendants concede that such an approach is proper on direct appeal, where the appellate court has supervisory power to vacate interdependent sentences even if only one of the sentences is reversed on appeal, 28 U.S.C. § 2106; *McClain v. United States,* 643 F.2d 911, 914 (2d Cir.1981) (*McClain I*); *United States v. Jackson,* 103 F.3d 561, 570 (7th Cir.1996), but they contend that the situation is different when a § 924(c) conviction is overturned on collateral review. Defendants point out that "[t]he principle that collateral review is different from direct review resounds throughout our habeas jurisprudence," *Brecht v. Abrahamson,* 507 U.S. 619, 633, 113 S.Ct. 1710, 1719, 123 L.Ed.2d 353 (1993) (citations omitted), and that "it hardly bears repeating that 'an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment.'" *Id.* at 634, 113 S.Ct. at 1720 (quoting *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982)). They contend that these principles, frequently invoked to deny a defendant relief, are equally applicable where, as here, the government seeks to rely on § 2255.

While the argument is forceful, we do not think it carries the day. We see no compelling reason why the legal interdependence of sentences under the guidelines should not as surely lead us to reconsider related sentences in the context of collateral attack as it does in the context of a direct appeal. Indeed, this court has previously allowed the resentencing of a defendant on unchallenged convictions when one conviction has been vacated on collateral attack. *McClain v. United States,* 676 F.2d 915 (2d Cir.1982)

(*McClain II*). In *McClain II*, the defendant pleaded guilty to bank robbery and to using a firearm during the commission of a felony, in violation of § 924(c). The district judge sentenced defendant to a total of 25 years: 15 years on the bank robbery counts, and a mandatory consecutive sentence of 10 years on the firearm count. *Id.* at 916. McClain did not appeal. Subsequently, however, the Supreme Court and this circuit held that a defendant could not be sentenced under both the bank robbery statute and § 924(c). McClain filed a § 2255 petition, which the district court denied but this court granted, vacating the defendant's *entire* sentence and remanding for resentencing under the general supervisory powers granted us by 28 U.S.C. § 2106. *McClain I*, 643 F.2d at 914. On remand, the district court sentenced McClain to 20 years on the bank robbery counts, an increase in sentence of five years on those counts. This was, however, also five years less than the total package of 25 years originally imposed on defendants for the bank robbery and § 924(c) convictions.

On appeal, this court upheld the higher sentence despite McClain's challenge to "the power of this court to vacate the entire sentence" and his claims based on due process and the Double Jeopardy Clause. *Id.* at 917. We emphasized that "[c]onsecutive sentences were mandatory in this case under section 924(c) and the sentences were truly interdependent." *Id.* at 918. We cautioned that the opinion was not "addressed to a situation involving concurrent or non-interlocking sentences. Where the sentencing judge could have insured against invalidation of a longer term by imposing a higher sentence for the other offense, vacatur of the shorter term might well be inappropriate.…" Id.

■ Defendants argue that *McClain II* is inapplicable because the case was decided before the enactment of 18 U.S.C. § 3582 in 1984. They contend that prior to the enactment of that statute, "district courts had broad inherent authority to modify illegal sentences at any time. Afterwards, however, courts could modify sentences only in very limited circumstances.…" Thus, defendants' argument is that *McClain II* would be decided differently today. We disagree, and

hold, for the reasons given above, that—at least in the context of a "truly interdependent" sentence such as where a mandatory consecutive sentence affects the applicable offense level under the guidelines—the language of § 2255 provides sufficient statutory authority for a district court to exercise its jurisdiction to resentence defendants "as may appear appropriate."

Judgment affirmed.