129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor VELAZQUEZ, Defendant-Appellant.
 No. 97-2558.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 16, 1997.
Decided Nov. 7, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 89 CR 741; Harry D. Leinenweber, Judge.
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Victor Velazquez pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count II) and one count of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count VII). Velazquez was sentenced to 135 months' incarceration on Count II to run consecutively to 60 months' incarceration for the § 924(c) conviction. Without counsel, Velazquez moved to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995). The district court vacated Velazquez's conviction under 18 U.S.C. § 924(c). The district court then resentenced Velazquez to 195 months' imprisonment which included a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), possession of a firearm during a drug offense. Velazquez had different counsel for his resentencing, who now seeks to withdraw on the ground that there are no issues of merit to be raised on appeal. Anders v. California, 386 U.S. 738 (1967); United States v. Wagner, 103 F.3d 551 (7th Cir.1996). Because counsel's Anders brief is adequate on its face, we limit our review of the record to those issues raised in counsel's brief. Wagner, 103 F.3d at 553; United States v. Tabb, Nos. 97-1306 & 97-1585, slip op. at 2 (7th Cir. Sept. 22, 1997). Pursuant to Circuit Rule 51(a), Velazquez was notified of his counsel's actions and was given an opportunity to respond, which he did.
 
 
 2
 In her Anders brief, counsel asserts that the district court was without jurisdiction to revise Velazquez's sentence after his § 924(c) conviction was vacated. We have previously addressed this issue and concluded that the district court may restructure a defendant's entire sentence upon remand for resentencing. United States v. Smith, 103 F.3d 531, 533-35 (7th Cir.1997), cert. denied, 117 S.Ct. 1861 (1997).[1] Relying on United States v. Shue, 825 F.2d 1111, 1114 (7th Cir.1987), we reasoned that district courts are likely to fashion "sentencing packages" based on the defendant's individual counts and their interdependence. Smith, 103 F.3d at 533. In sum, when a § 924(c) conviction is set aside, § 2D1.1(b)(1) becomes available. Id. at 535. We have recognized that a defendant who succeeds in collaterally attacking a single count of a conviction takes the risk that the district court will review the entire punishment. United States v. Walker, 118 F.3d 559, 561 (7th Cir.1997). Such is the case here, as the district court considered the interdependence of the two-level enhancement under § 2D1.1(b)(1) and the § 924(c) conviction in determining Velazquez's sentence. Accordingly, this argument is without merit.
 
 
 3
 Velazquez also raises the issue that because his § 924(c) conviction had been vacated, the district court's subsequent enhancement under § 2D1.1(b)(1) violated the Double Jeopardy Clause of the Constitution. In Smith, we concluded that the district court's increased sentence due to a § 2D1.1(b)(1) enhancement does not violate the Double Jeopardy Clause as long as the new sentence is lawful. Smith, 103 F.3d at 535. Because we are convinced that Velazquez's new sentence is lawful, we also hold this claim is without merit.
 
 
 4
 In his Rule 51(a) response, Velazquez argues that the district court's sentence of 195 months' incarceration was not within the sentencing guideline range, which he miscalculates at 151-188 months. Velazquez's offense level for Count II was thirty-four and his Criminal History Category was II, which dictates a sentencing range of 168-210 months' imprisonment. Therefore, 195 months' imprisonment is within the permissible guideline range.
 
 
 5
 Last, Velazquez raises an argument that the government is seeking to reinstate charges that were dismissed pursuant to the written plea agreement and that the statute of limitations has run. There is no factual basis in this record to support the defendant-appellee's theory that the government seeks to reinstate charges, and Velazquez's statute of limitations argument is incorrect.
 
 
 6
 Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED as frivolous.
 
 
 
 [1]
 We note that all circuits that have addressed the issue of whether the district court has jurisdiction to resentence a defendant after the defendant's § 924(c) conviction has been vacated are in agreement. See United States v. Rodriguez, 112 F.3d 26 (1st Cir.1997); United States v. Gordils, 117 F.3d 99 (2d Cir.1997); United States v. Davis, 112 F.3d 118 (3d Cir.1997); United States v. Hillary, 106 F.3d 1170 (4th Cir.1997); United States v. Rodriguez, 114 F.3d 46 (5th Cir.1997); Gardiner v. United States, 114 F.3d 734 (8th Cir.1997); United States v. Handa, 122 F.3d 690 (9th Cir.1997); United States v. Mendoza, 118 F.3d 707 (10th Cir.1997); United States v. Mixon, 115 F.3d 900 (11th Cir.1997); United States v. Morris, 116 F.3d 501 (D.C.Cir.1997)