UNITED STATES of America, Appellant,

v.

Gerardo I. PONCE, Defendant–Appellee.

No. 98–1103L, 97–2724CON.

United States Court of Appeals,
Second Circuit.

Argued Oct. 29, 1998.

Decided Jan. 22, 1999.

Mary Clare Kane, Assistant United States Attorney, Buffalo, N.Y. (Denise E. O'Donnell, United States Attorney for the Western District of New York, Buffalo, NY, Of Counsel), for Appellant.

Elliot H. Fuld, Bronx, N.Y. (Goldstein, Weinstein & Fuld, Bronx, NY), for Defendant–Appellee.

Before: FEINBERG, VAN GRAAFEILAND and LEVAL, Circuit Judges.

PER CURIAM.

In 1990, the defendant was charged with drug trafficking offenses under 21 U.S.C. § 841(a)(1) *et seq.* and the related use of a gun under 18 U.S.C. § 924(c) and 2. The defendant made a plea agreement and pled guilty to one count of drug trafficking, as well as to the § 924(c) offense. Judge Curtin then sentenced the defendant to 15 years imprisonment, consisting of the mandatory minimum term of 10 years for the drug trafficking offense and the mandatory consecutive term of five years for the gun use offense.

In 1995, the Supreme Court decided *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which changed the understanding of the term "use" of a gun in § 924(c). On the basis of that decision, the defendant moved to vacate his § 924(c) conviction, and the district court granted the motion. The Government then moved that the defendant be resentenced on the drug trafficking count. The Government contended that the sentence on the drug trafficking count should be increased to reflect a two-level upward adjustment under § 2D1.1(b)(1) because it was a Specific Offense Characteristic that "a dangerous weapon ... was possessed." [1] U.S.S.G. § 2D1.1(b)(1). *See United States v. Gordils,* 117 F.3d 99, 102 (2d

---

1. Guideline § 2D1.1(b)(1) provides:
   (b) Specific Offense Characteristics

    (1) If a dangerous weapon (including a firearm) was possessed, increase by 2 levels.

Cir.1997) (where conviction under § 924(c) for "use" of a firearm is vacated on § 2255 motion by reason of *Bailey,* court may resentence by adding § 2D1.1(b)(1) enhancement for possession of the firearm). Judge Curtin declined to increase the sentence. The Government appeals from that ruling.

■ In the course of argument over the motion in the district court, the judge expressed several reasons why, in his view, the increase should not be applied. Among them was that the gun, which had been found in the wheel-well of a car in which the defendant was a passenger, was not in the possession of the defendant, as § 2D1.1(b)(1) requires. The Government made no response to the court's observation, and the judge proceeded to deny the motion.

On appeal, the Government argues that under the terms of Application Note 3 to § 2D1.1(b)(1), the presence of the gun provides sufficient basis for the increase regardless whether the gun was possessed by the defendant. The Government cites the admonition of Note 3 that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."

Although the meaning of the Note is far from clear, there is a serious doubt whether it means what the Government argues.[2] Arguably, the Note assumes that the gun in question is "possessed" by the defendant, and directs attention to the problem of a gun that is possessed by a defendant but is not connected with a drug offense. In support of that interpretation, the first sentence cited in footnote 2 justifies an enhancement by reason of the increased danger of violence "when drug traffickers possess weapons." The two following sentences import into the Guideline a requirement that the possession of the gun be "connected with the offense"; the last sentence makes clear that the increase would not apply, despite the literal terms of the Guideline, to a hunter who

committed a drug offense at his home and had in the closet an unloaded hunting rifle that was unconnected to the drug offense. The penultimate sentence, directing the increase "if the weapon is present unless it is clearly improbable that the weapon was connected to the offense," deals (on this reading) with the problem of the relationship of the gun to the offense rather than the problem of a gun that is "present" but not "possessed" by the defendant.

Were we required to resolve the meaning of Note 3—whether it expands Guideline § 2D1.1(b)(1) by making it applicable to guns not "possessed" by the defendant but present at the scene (as the Government argues), or whether it narrows the Guideline by making it inapplicable to guns possessed by the defendant but not connected with the drug offense, it is far from clear that we would agree with the Government's reading.

■ But we need not consider whether the Government's argument is correct, for it was never advanced to the district court. We have often held in appeals under the Sentencing Guidelines that we would review contentions not advanced to the sentencing court solely for plain error. *See, e.g., United States v. Keppler,* 2 F.3d 21, 23 (2d Cir.1993). On the basis of the contentions made to the district court, we cannot say that it erred in concluding that the Government had failed to show that the gun was "possessed" by the defendant, as § 2D1.1(b)(1) requires.

Accordingly, we AFFIRM the judgment of the district court.

---

**2.** The relevant portion of Application Note 3 reads as follows:

The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the

weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in his closet.

U.S.S.G. § 2D1.1(b)(1) cmt 3 (1995).