*Tellier v. United States*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand twenty-three.

PRESENT:

        DENNIS JACOBS,
        RICHARD J. SULLIVAN,
        MARIA ARAÚJO KAHN,
           *Circuit Judges.*

_____

RENE TELLIER,

        *Petitioner-Appellant,*

        v.                            No. 21-2959

UNITED STATES OF AMERICA,

        *Respondent-Appellee.*

_____

| | |
|---|---|
| **For Petitioner-Appellant:** | Florian Miedel, Miedel & Mysliwiec LLP, New York, NY. |
| **For Respondent-Appellee:** | Thomas S. Burnett, Stephen J. Ritchin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order is **REMANDED** for further proceedings consistent with this order.

Rene Tellier appeals from the district court's order granting in part and denying in part his motion to set aside his convictions and sentence pursuant to 28 U.S.C. § 2255. As relevant here, Tellier was convicted after a jury trial of conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d); racketeering, in violation of 18 U.S.C. § 1962(c); two counts of conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; traveling across state lines with intent to commit murder, in violation of 18 U.S.C. §§ 1958 and 2; and two counts of possessing a firearm during and in relation to a crime of

2

violence, in violation of 18 U.S.C. § 924(c)(1), which were predicated on each of the Hobbs Act Robbery conspiracy counts.

The district court imposed concurrent life sentences on the two RICO counts, a sixty-years concurrent sentence for the robbery conspiracy and murder-for-hire counts, and five- and twenty-year consecutive sentences on the section-924(c) counts. After a direct appeal and one unsuccessful petition for collateral review, Tellier filed this motion to (1) vacate his section-924(c) convictions in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), (2) vacate the life sentences on the RICO convictions, and (3) request that the court conduct de novo resentencing for all remaining counts. In ruling on the motion, the district court vacated Tellier's section-924(c) convictions after finding that Hobbs Act Robbery conspiracy no longer qualified as a crime of violence. The district court also found that Tellier's challenges to his RICO sentences were procedurally barred and – as is most relevant for present purposes – denied Tellier's request for de novo resentencing on the non-section-924(c) counts.

The sole issue on appeal is whether the district court misapprehended its authority to resentence Tellier de novo on the non-section-924(c) counts.[1] To be clear, the district court did not expressly state that it lacked authority to conduct de novo resentencing in its order disposing of Tellier's petition. *See, e.g.*, App'x at 215. Nevertheless, because the district court directly referenced a previously filed order that disposed of a nearly "identical" section-2255 petition filed by Tellier's brother, *id.* at 213, in which the court stated that it "d[id] not have authority under [section] 2255 to resentence [Tellier's brother] on his remaining, unrelated convictions, including his two life sentences on the RICO convictions," *id.* at 208, the parties now stipulate that the district court erred by announcing that it had no authority to conduct resentencing on Tellier's non-section-924(c) counts. We are not so sure.

Section 2255 vests district courts with discretion to order "appropriate" relief when a judgment is rendered without jurisdiction; a sentence is not

---

[1] Initially, Tellier also argued that, once his section-924(c) counts were vacated, the district court was *required* to conduct de novo resentencing for all remaining counts. But, as the parties now agree, our decision in *United States v. Peña* forecloses this argument. 58 F.4th 613, 620 (2d Cir. 2023). While under the "default rule," "de novo resentencing is required where a conviction is reversed in part on [direct] appeal," *United States v. Rigas*, 583 F.3d 108, 115–16 (2d Cir. 2009), the same "default rule" does not apply to a "collateral challenge pursuant to [section] 2255," *Peña*, 58 F.4th at 618–19. Instead, when some, but not all, counts are vacated on a collateral challenge, "[section] 2255 grants district courts discretion in selecting a remedy." *Id.* at 620.

4

authorized by law or is otherwise open to collateral attack; or a constitutional right has been infringed upon. 28 U.S.C. § 2255(b). In these situations, the district court may choose between four statutorily prescribed remedies "as may appear appropriate." *Id.* Specifically, the court is permitted to: (1) vacate and set the judgment aside, (2) resentence the petitioner, (3) grant a new trial, or (4) correct the sentence. *Id.*

In interpreting this statutory language, we have followed the principle that section 2255 confers broad remedial powers on district courts. *See United States v. Gordils*, 117 F.3d 99, 103 (2d Cir. 1997) (explaining that the "language . . . from [section] 2255 gives a district court broad and flexible remedial authority, having vacated and set the judgment aside, to resentence a defendant and correct the sentence as appropriate" (internal quotation marks and alteration omitted)). Notably, when the sentences that are the subject of the petition are "truly interdependent," a district court has authority to choose from the remedial options set forth in section 2255 – and thus has discretion to conduct de novo resentencing on non-vacated counts. *Id.* at 104. But if resentencing would be "strictly ministerial" or an "empty formality," such as when one or more of the sentences carry mandatory minimum sentences of life imprisonment, then a district court

5

does not abuse its discretion by declining to conduct de novo resentencing on counts that are not vacated. *Peña*, 58 F.4th at 623; *see also United States v. Ayyad*, No. 20-3832, 2023 WL 1975682, at *1 (2d Cir. Feb. 14, 2023).

Here, it is by no means clear that the district court misapprehended its authority to fashion an appropriate remedy under section 2255. Unlike the order issued in connection with Tellier's brother's motion – which stated that the court "d[id] not have authority under [section] 2255 to resentence petitioner on his remaining, unrelated convictions," App'x at 208 – the order denying Tellier's motion simply concluded that "[r]esentencing on [Tellier's] RICO counts" would be "inappropriate," *id.* at 215.[2] This language tracks the text of section 2255 and suggests that the court was well aware of its discretion to fashion a remedy under the statutory scheme. *See* 28 U.S.C. § 2255(b).

However, to relieve any doubt concerning the district court's reasoning and conclusions of law, we remand pursuant to the procedure set out in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994), so that the district court may consider and provide a reasoned explanation as to whether its denial of Tellier's request for

---

[2] The district court stated: "Petitioner does not claim that his RICO and [section-]924(c) sentences are interdependent in any[ ]way. Resentencing on the RICO counts is therefore inappropriate. Instead, under these circumstances, it is appropriate for the Court to simply amend the judgment without resentencing." App'x at 215.

de novo resentencing was based on an exercise of discretion, or whether the court believed that it lacked authority to even consider resentencing on the remaining counts. To the extent that the district court believes it lacked authority to resentence Tellier on his remaining non-section-924(c) counts, it should explain its reasoning in light of our opinions in *Gordils* and *Peña.*

For the foregoing reasons, the case is **REMANDED** to the district court for further proceedings consistent with this order. Either party may then restore jurisdiction to this Court within 30 days of the entry of a final order by letter to the Clerk's Office (attaching a copy of the relevant order) advising the Clerk that the appeal should be reinstated. In that event, no new notice of appeal or additional filing fee will be required. Any reinstated appeal will be assigned to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court