Javier QUESADA–MOSQUERA,
Defendant–Appellant,

v.

UNITED STATES of America,
Appellee.

Docket No. 00–2114.

United States Court of Appeals,
Second Circuit.

Argued Feb. 2, 2001.

Decided March 23, 2001.

David W. Windley, Brooklyn, NY, for Defendant–Appellant.

Eric Tirschwell, Assistant United States Attorney, New York, N.Y. (Loretta E. Lynch, United States Attorney, Susan Corkery, Assistant United States Attorney, New York, NY, on the brief), for Appellee.

Before STRAUB and POOLER, Circuit Judges, MUKASEY, District Judge .*

* The Honorable Michael B. Mukasey, of the United States District Court for the Southern District of New York, sitting by designation.

PER CURIAM.

Appellant Javier Quesada–Mosquera appeals the November 22, 1999 order of Judge Jack B. Weinstein of the United States District Court for the Eastern District of New York denying Quésada Mosquera's motion pursuant to 18 U.S.C. § 3582(c)(2)(2000) for a reduction in sentence. For the reasons stated below, the order is affirmed.

In 1995, Quesada–Mosquera pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (App. at 7) He was sentenced to 135 months in prison. (*Id.* at 8) More than three years later, he filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in sentence.** (*Id.* at 10–15) Quesada–Mosquera argued that he was entitled to resentencing on the basis of his post-conviction efforts to rehabilitate himself, which included completing a college degree. (*Id.*) Judge Weinstein held a hearing at which he denied the motion. (*Id.* at 30–37)

■ Section 3582(c) states the general rule that "[t]he court may not modify a term of imprisonment once it has been imposed. . . ." However, section 3582(c)(2) also creates an exception which allows a court to reduce the term "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." This exception enables a defendant to benefit from amendments to the sentencing guidelines that are enacted after the defendant is sentenced. If the amendment would have lowered the defendant's initial sentencing range, he may ask the court to resentence him.

■ To determine whether the amendment would have lowered the range, the judge must consider the facts about the defendant as they existed at the time of his original sentencing. Post-sentenc-

ing efforts at rehabilitation are irrelevant to whether the amendment would have lowered the sentencing range under which the defendant was originally sentenced. Therefore, those efforts could not constitute grounds for asking a court to resentence a defendant under 18 U.S.C. § 3582(c)(2). *See Vasquez v. United States,* No. 96 Civ. 2104, 1999 WL 549004, at *2 (S.D.N.Y. Jul. 28, 1999) (Section 3582(c)(2) applies only "where an amendment bears on factual matters existing at the time of the determination of the 'sentencing range.'"); *United States v. Rowan III,* Nos. C–99–4281–SI, CR–97–0343–SI, 2000 WL 288386, at *2 (N.D.Cal. Jan. 24, 2000) (Section 3582(c)(2) "applies solely to circumstances in existence at the time of the original sentencing determination. . . .")

Appellant concedes that "not one decision supports [his] claim. . . ." (Pet. at 25) Nevertheless, he cites *United States v. Core,* 125 F.3d 74, 75 (2d Cir.1997) in which the defendant's sentence was vacated because of an intervening Supreme Court decision. At resentencing, the defendant sought a downward departure on the basis of his post-conviction rehabilitation. *See id.* This Court held that the sentencing judge could have considered that ground. *See id.* at 77–78.

On the basis of *Core* and similar cases, appellant protests that although he may not benefit from post-sentencing rehabilitation, someone such as the defendant in *Core* may benefit simply because he "happened to be lucky enough to enjoy the benefits of another unknown petitioner's appeal." (Pet. at 27) However, this alleged inequity has been eliminated by an amendment to the Guidelines. They now state that "[p]ost-sentencing rehabilitative efforts . . . are not an appropriate basis for a downward departure when resentencing the defendant. . . ." U.S. Sentencing Guidelines Manual § 5K2.19 (2000). Thus,

---

** Although Judge Weinstein referred to the motion as an application for habeas corpus, and notwithstanding the caption of the case as filed in this court, the motion was brought expressly pursuant to 18 U.S.C. § 3582(c)(2). (*Id.* at 10)

the alleged inequity appellant perceived no longer exists: no one may have post-sentencing rehabilitation considered upon re-sentencing.

There is no other basis in law that permits appellant to avoid Section 3582(c)(2)'s ban on modifying a term of imprisonment once it has been imposed. Despite appellant's invitation to do so, we are without power to define such a basis by fiat.

For the reasons stated above, the district court's order is affirmed.