# United States Court of Appeals
## For the First Circuit

No. 06-1679

UNITED STATES,

Appellee,

v.

HÉCTOR RODRÍGUEZ-PEÑA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

Héctor Rodríguez-Peña on brief pro se.
Nelson Pérez-Sosa, Assistant U.S. Attorney, Jacqueline D. Novas, Assistant U.S. Attorney, and Rosa Emilia Rodríguez-Velez, United States Attorney, on brief for appellee.

December 11, 2006

**Per Curiam**.  Defendant Héctor Rodríguez-Peña, having been convicted of multiple criminal offenses back in 1993, appeals from the denial of his motion for reduction of sentence under 18 U.S.C. § 3582(c).  It being clear that no such relief is warranted, we summarily affirm.

In relevant part, § 3582(c) provides that, where a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the district court may reduce that sentence "if such a reduction is consistent with applicable policy statements issued by the ... Commission."  18 U.S.C. § 3582(c)(2).  A denial of § 3582(c) relief is reviewed for abuse of discretion.  See, e.g., United States v. Hurley, 374 F.3d 38, 41 (1ˢᵗ Cir. 2004) (per curiam).

Defendant advances three separate justifications for a sentence reduction.  First, he points to Amendment 500 to the sentencing guidelines, which involved "role in the offense" calculations.  The amendment added an application note to U.S.S.G. § 3B1.1 (the "aggravating role" provision) stating that an upward adjustment is appropriate only if the defendant managed "one or more other participants"; exercising "management responsibility over the property, assets, or activities of a criminal organization" is not enough.  The Commission did not include Amendment 500 among those listed in U.S.S.G. § 1B1.10(c) as eligible for retroactive application.  We note, in passing, that

the amendment took effect in 1993 and that defendant provides no explanation for his over-twelve-year delay in invoking same.

Defendant's argument rests on three assertions: (1) that Amendment 500 is "clarifying" rather than "substantive"; (2) that the amendment, for that reason, can be applied retroactively to obtain § 3582(c) relief despite its omission from § 1B1.10(c); and (3) that doing so here would result in a lower sentence. There is no need to address the first two propositions, since the final one is plainly incorrect: the record makes clear that defendant managed one or more other participants. The presentence report (PSR), for example, states in pertinent part as follows:

> On June 1, 1992, the defendant <u>instructed</u> codefendant Victor Rivera to acquire a vehicle to transport the drug cargo and furnished the undercover agent with such a vehicle. <u>Under his instructions</u> codefendant Angel Galindez delivered to the undercover agent $30,000.00 in exchange for the keys and location of the truck containing the marijuana load.

(Emphasis added.) Indeed, the PSR explains that, upon the arrest of a key operative, defendant "agreed to continue in charge of the drug smuggling operation"--a point echoed in our opinion on direct appeal. See <u>United States</u> v. <u>Rodríguez-Peña</u>, 1995 WL 275691, at *1 (1st Cir. 1995) (unpublished). Moreover, the interpretation of § 3B1.1 adopted by Amendment 500 was the one already prevailing in this circuit; the amendment specifically identified <u>United States</u> v. <u>Fuller</u>, 897 F.2d 1217 (1st Cir. 1990), as one of the cases supporting the view it was endorsing. There is no indication that

-3-

the sentencing judge deviated from this precedent (a matter that could have been--but was not--raised on direct appeal). Accordingly, application of Amendment 500 would not change defendant's sentence.

Second, defendant contends that a § 3582(c) reduction is warranted in the wake of United States v. Booker, 543 U.S. 220 (2005), on the theory that that decision "clarified" the guidelines. This argument has been roundly rejected. See, e.g., United States v. Price, 438 F.3d 1005, 1007 n.2 (10th Cir.) (citing cases), cert. denied, 126 S. Ct. 2365 (2006); United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (per curiam), cert. denied, 126 S. Ct. 1643 (2006). Among other flaws, it overlooks the fact that § 3582(c) only allows a reduction where "the Sentencing Commission, not the Supreme Court, has lowered the [sentencing] range." Price, 438 F.3d at 1007. Moreover, because defendant already has been denied relief under 28 U.S.C. § 2255, such an argument, if successful, would improperly bypass the second-or-successive regimen prescribed by § 2255 ¶ 8.

Finally, defendant seeks a sentence reduction because of his extensive post-judgment rehabilitation. Yet such conduct, while commendable, has nothing to do with the lowering of the sentencing range by the Commission, as required by § 3582(c). Accordingly, such rehabilitation provides no basis either for a sentencing reduction in its own right, see, e.g., Quesada-Mosquera

-4-

v. United States, 243 F.3d 685, 686 (2d Cir. 2001), or for a further downward departure where a § 3582(c) reduction is ordered for some other reason, see, e.g., United States v. Hasan, 245 F.3d 682 (8th Cir. 2001) (en banc); cf. United States v. Jordan, 162 F.3d 1 (1st Cir. 1998).

Defendant also faults the district court for failing to explain the basis for its § 3582(c) denial. This complaint falls short, inasmuch as defendant's ineligibility for such relief is self-evident. See generally Witty v. Dukakis, 3 F.3d 517, 521 (1st Cir. 1993) (finding no need for district court explanation when reason for ruling is "apparent on the face of the record"). In any event, this court "can affirm on any basis available in the record." Peguero-Moronta v. Santiago, 464 F.3d 29, 34 (1st Cir. 2006).

Affirmed.