Cortorreal v. USA

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2006

(Submitted: April 18, 2007             Decided: May 3, 2007)

Docket No. 06-5193-cr

———————————————

HERMINIO CORTORREAL,

*Petitioner,*

— v. —

UNITED STATES OF AMERICA,

*Respondent.*

———————————————

Before:

WALKER, STRAUB, and B.D. PARKER, *Circuit Judges*.

———————————————

Herminio Cortorreal moves for leave to proceed *in forma pauperis* in his appeal from the order of the United States District Court for the Southern District of New York (Jed S. Rakoff, *District Judge*), denying his motion for resentencing. Because the District Court granted Cortorreal leave to proceed *in forma pauperis*, we deny his motion as unnecessary. Further, because we find that Cortorreal's appeal lacks a basis in law or fact, we dismiss it as frivolous.

———————————————

HERMINIO CORTORREAL, *pro se*, Fort Dix, NJ, *for Petitioner.*

BOYD M. JOHNSON, United States Attorney's Office, Southern District of New York, NY, *for Respondent.*

———————————————

*Per Curiam:*

In May 2006, Herminio Cortorreal, *pro se*, filed in the District Court a motion for resentencing in which he argued that he was entitled to resentencing under 18 U.S.C. § 3582(c)(2), and the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Specifically, Cortorreal argued that, because *Booker* had constituted both an implicit lowering of the United States Sentencing Guidelines ("Guidelines") and a new rule of law that was retroactive to cases on collateral review, he was entitled to a new sentence. In July 2006, the District Court issued an order denying the motion, finding, *inter alia*, that (1) because the United States Sentencing Commission had not lowered the Guidelines range applicable to Cortorreal's case, he was not entitled to resentencing under Section 3582(c)(2); and (2) *Booker* did not apply retroactively to Cortorreal's case. Thereafter, Cortorreal filed a timely notice of appeal from the District Court decision. Cortorreal now moves this Court for leave to proceed *in forma pauperis*.

As a preliminary matter, review of the District Court docket sheet indicates that Cortorreal received counsel pursuant to the Criminal Justice Act, which would have required him to receive *in forma pauperis* status in the District Court. There is no indication that the District Court revoked Cortorreal's *in forma pauperis* status at any time during the proceedings. Accordingly, Cortorreal's motion for leave to proceed *in forma pauperis* is denied as unnecessary.

Further, independent of the *in forma pauperis* motion, this Court must dismiss Cortorreal's appeal if it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is

frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

We have not previously determined the appropriate standard of review to apply to a district court decision denying a motion under Section 3582(c)(2). Those circuits that have addressed the issue have determined that such a decision should be reviewed for abuse of discretion. *See, e.g.*, *United States v. Rodriguez-Pena*, 470 F.3d 431, 432 (1st Cir. 2006) (per curiam); *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam). We need not decide the standard of review here, however, because Cortorreal's appeal lacks merit under any standard of review, even in light of the arguments raised in his response to the Government's opposition, because the District Court properly determined that Cortorreal did not merit resentencing under either Section 3582(c)(2) or *Booker*. Accordingly, we find that Cortorreal's appeal is frivolous.

A district court may not generally modify a term of imprisonment once it has been imposed. *See United States v. Thomas*, 135 F.3d 873, 876 (2d Cir. 1998) ("Congress has imposed stringent limitations on the authority of courts to modify sentences, and courts must abide by those strict confines."). However, under 18 U.S.C. § 3582(c)(2), a court may reduce the term of imprisonment of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." Section 994(o) requires the Sentencing Commission to "periodically . . . review and revise . . . the guidelines promulgated pursuant to" the duties of the Sentencing Commission.

Cortorreal argues that, because *Booker* rendered the Guidelines advisory, it implicitly lowered the sentencing range applicable to his case, and, thus, constituted sufficient reason for relief under Section 3582(c)(2). We have not yet addressed whether the decision in *Booker* can serve as the basis for a motion to reduce a sentence pursuant to Section 3582(c)(2). However, those courts that have addressed the issue have determined that, although *Booker* affected the application of the Guidelines, because the decision was not a guideline amendment promulgated by the Sentencing Commission, the terms of Section 3582(c)(2) did not apply. *See*, *e.g.*, *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) ("*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) motions."). We follow our sister circuits in holding that, because *Booker* was not a guideline amendment promulgated by the Sentencing Commission, the terms of Section 3582(c)(2) do not apply, and therefore the *Booker* decision cannot be the basis for a Section 3582(c)(2) motion to modify a sentence. Accordingly, the District Court properly denied Cortorreal's motion to the extent that it sought a reduction in his sentence pursuant to Section 3582(c)(2).

Finally, to the extent that Cortorreal sought retroactive application of *Booker* to his case, the District Court also properly denied the motion. We have previously determined that *Booker* does not apply retroactively to cases, such as this one, on collateral review. *See Guzman v. United States*, 404 F.3d 139, 140 (2d Cir. 2005).

4

For the foregoing reasons, Cortorreal's motion to proceed *in forma pauperis* is

DENIED and his appeal is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).