**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-7066

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TODD ANTONIO FOSTER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:93-cr-00402-CMH)

Submitted:  October 31, 2007          Decided:  December 7, 2007

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Todd Antonio Foster, Appellant Pro Se.  James L. Trump, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

For a second time, Todd Antonio Foster appeals the district court's denial of his motion filed under 18 U.S.C.A. § 3582 (West 2005). We vacated the district court's first order and remanded for further proceedings. See United States v. Foster, 177 F. App'x 374 (4th Cir. 2006) (unpublished).

On remand, the Government filed a response to Foster's § 3582(c)(2) motion averring Foster's sentencing guidelines calculations would not change even if Foster were afforded the benefit of Amendment 505. The district court denied Foster's motion a second time, again by a brief written order indicating Foster's life sentence was proper. Foster timely appealed.

Foster asserts the district court failed to follow our instructions on remand. The record, as supplemented by the Government's response to the § 3582(c)(2) motion, however, made clear a reduction in Foster's sentence was not warranted. Although the district court again briefly denied Foster's motion, we find no abuse of discretion pursuant to United States v. Legree, 205 F.3d 724 (4th Cir. 2000).[1]

---

[1]In deciding whether to grant a motion to reduce sentence based upon a guideline amendment, a district court must consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) "to the extent that they are applicable" and must determine whether "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In Legree, we held the district court's consideration of these factors was implicit, absent contrary indications. 205 F.3d at 728-29. As in Legree, the district court presided over Foster's trial and

Accordingly, we affirm the district court's June 26, 2007 order denying Foster's § 3582(c)(2) motion.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

sentencing and thus possessed an "intimate familiarity" with Foster's case.  See id. at 729.  Furthermore, we may affirm the district court's order for any reason supported by the record.  See United States v. Swann, 149 F.3d 271, 277 (4th Cir. 1998).

[2]To the extent Foster's argument pursuant to United States v. Booker, 543 U.S. 220 (2005), is properly before the court, we find no reason to disagree with our sister circuits that have held Booker does not apply to § 3582(c)(2) motions.  See United States v. Rodriguez-Pena, 470 F.3d 431, 433 (1st Cir. 2006); United States v. Price, 438 F.3d 1005, 1007 (10th Cir.), cert. denied, 126 S. Ct. 2365 (2006); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), cert. denied, 547 U.S. 1050 (2006).