

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2007

# McMillan v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3472

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"McMillan v. USA" (2007). *2007 Decisions.* Paper 68.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/68

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-68                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3472
_____

ULYSSES MCMILLAN,
                                                    Appellant
v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cr-00398)
District Judge:  Honorable James T. Giles

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 and/or For a Certificate of Appealability

Before:     SLOVITER, FISHER AND HARDIMAN, <u>CIRCUIT JUDGES</u>.
(Opinion filed: December 13, 2007)
_____

OPINION
_____

PER CURIAM

Ulysses McMillan appeals the District Court's orders denying his motion to reduce

his sentence under 18 U.S.C. § 3582(c)(2) and to correct his sentence pursuant to Fed. R.

Crim. P. 36, as well as his motion for reconsideration.  Because this appeal presents no

substantial question, we will summarily affirm the judgment of the District Court.

In October 2003, McMillan pled guilty, pursuant to a plea agreement, to

possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(c), and to carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). McMillan was sentenced in January 2004 as a career offender to 262 months in prison, a sentence at the lower end of the applicable guideline range of 262-327 months imprisonment. Despite the fact that McMillan explicitly agreed in the plea agreement that he would not appeal or collaterally challenge his sentence if the court did not impose a sentence that exceeded the statutory maximum (which, in this case, was life imprisonment), McMillan filed an appeal to this Court. The government, in turn, filed a motion to enforce the appellate waiver and to dismiss McMillan's appeal. In an order dated July 15, 2004, we granted the government's motion and dismissed McMillan's appeal for lack of jurisdiction. See C.A. No. 04-1227. We also denied his petition for en banc rehearing, wherein he challenged the constitutionality of the Sentencing Guidelines under Blakely v. Washington, 542 U.S. 296 (2004), and the ability of a sentencing judge to select and apply the career offender sentencing range set forth in U.S.S.G § 4B1.1 given the principles espoused by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000). The Supreme Court likewise denied McMillan's petition for a writ of certiorari on February 22, 2005. McMillan v. United States, 543 U.S. 1153 (2005).

McMillan thereafter sought to challenge his sentence by filing a motion pursuant to 28 U.S.C. § 2255. In his § 2255 motion, McMillan argued that he was entitled to resentencing based on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and that the District Court erroneously departed upward from an otherwise applicable guideline range because his convictions in the New Jersey state court were calculated as four separate offenses rather than a single prior offense. McMillan further

2

asserted that counsel rendered ineffective assistance insofar as counsel did not fully advise him of the consequences of his appellate waiver, failed to advise him of his rights pursuant to Apprendi, and failed to fully investigate his guilty plea in New Jersey state court. In a Judgment Order entered on September 2, 2005, the District Court determined that McMillan was not entitled to collateral relief from his sentence and denied his § 2255 motion. The District Court concluded that McMillan knowingly, voluntarily and expressly waived his right to collaterally attack his sentence, and that enforcing the waiver would not result in a miscarriage of justice. Moreover, the District Court concluded that, even if it could reach the merits of McMillan's claims, it would find each of them to be without merit. McMillan did not appeal the District Court's order disposing of his § 2255 motion.

Instead, McMillan waited nearly two years and filed the underlying motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c), arguing that the District Court was obligated to "rectify his applicable guideline to conform to his offense of conviction" as mandated by Amendment 591 of the United States Sentencing Guidelines ("U.S.S.G.") and recent Supreme Court decisions, including, inter alia, Booker and Apprendi. McMillan further argued that the District Court was required, pursuant to Fed. R. Crim. P. 36, to correct a "clerical error" by the United States Probation Office in his Pre-Sentence Investigation Report classifying him as a career offender on the basis of his state court convictions and calculating his sentencing exposure accordingly. The District Court summarily denied McMillan's § 3582 and Rule 36 motions as frivolous, noting that the claims raised therein were addressed by the court in its order denying his § 2255 motion

3

and are wholly without merit. The court denied his motion for reconsideration as well, and this appeal followed.

We agree with the District Court's decision to summarily deny McMillan relief, and similarly dispose of his appeal. Summary action is appropriate if there is no substantial question presented by the appeal. See Third Circuit LAR 27.4. The District Court properly concluded that McMillan was not merely attempting to have a clerical error corrected, and that the substantive allegations underlying his claims were addressed in its order denying the § 2255 motion and were not appropriately advanced in a § 3582 motion. Moreover, it committed no abuse of discretion in denying McMillan's reconsideration motion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

We note that, as a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization. See, e.g., United States v. Deleo, 644 F.2d 300, 301 (3d Cir. 1981). McMillan argues that his sentence should be reduced based on Amendment 591 of the Sentencing Guidelines. While under 18 U.S.C. § 3582(c)(2), a District Court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission . . .," Amendment 591 became effective November 1, 2000, more than three years before McMillan was sentenced. Additionally, Amendment 591 changed the language of U.S.S.G. §§ 1B1.1(a) and 1B1.2(a) which are used to determine the guideline to be applied to the offense of conviction. See United States v. Diaz, 245 F.3d 294, 301-02 (3d Cir. 2001). McMillan,

4

however, was sentenced as a career offender. The offense level and criminal history for a career offender are determined using U.S.S.G. § 4B1.1.

McMillan's argument for resentencing under Booker fares no better. While the effect of Booker was to make the Sentencing Guidelines advisory, 543 U.S. at 757, Booker did not result in the amendment of any sentencing range. Thus, Booker does not provide a basis for relief under § 3582(c)(2). See, e.g., Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007); United States v. Price, 438 F.3d 1005, 1007 (10th Cir.2006); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions."). Cf. United States v. McBride, 283 F.3d 612, 61 (3d Cir. 2002) (holding that Apprendi did not provide a basis for relief under § 3582(c)(2) because it was unrelated to any change in the Sentencing Guidelines).

Accordingly, for the foregoing reasons, we will summarily affirm the District Court's judgment denying McMillan relief under both § 3582 and Rule 36. See Third Circuit I.O.P. 10.6.[1]

---

[1] We note that the Clerk issued a letter dated August 28, 2007, advising the parties that we would consider whether a certificate of appealability is required for this appeal. A certificate of appealability is required where the appeal is taken from "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). Although some of McMillan's arguments reflect an attempt to challenge his sentence, any such attempts in the context of a motion for reduction of sentence under § 3582(c)(2) are prohibited. Having reviewed the District Court record, we do not consider the District Court's order as the final order in a § 2255 proceeding. Accordingly, we conclude that a certificate of appealability is not required.