**UNITED STATES of America,**
**Appellee,**

v.

**Andrea JONES, Toya Evans,**
**Defendants,**

**Anthony Bell, Defendant–Appellant.**

**No. 08–1223–CR.**

United States Court of Appeals,
Second Circuit.

Oct. 29, 2008.

Molly Corbett, Alexander Bunin (on the brief), Office of the Federal Public Defender, Albany, NY, for Appellant.

Paul D. Silver, Assistant United States Attorney, Richard S. Hartunian, Assistant United States Attorney (of counsel) for Glenn T. Suddaby, United States Attorney for the Northern District of New York, for Appellee.

Present: DENNIS JACOBS, Chief Judge, RICHARD C. WESLEY, Circuit Judge and RICHARD J. ARCARA, District Judge.[1]

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED.**

Anthony Bell appeals from the denial of his motion for a reduction in his sentence entered in the United States District Court for the Northern District of New York (McAvoy, *J.*) on March 10, 2008. In 1997, Bell was convicted on six counts of distributing, possessing with intent to distribute, and conspiring to distribute and possess with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Guidelines range was 168 to 210 months. Bell was sentenced on January 30, 1998 to a 180–month term of imprisonment.

Following a 2007 amendment to the sentencing guidelines (made retroactive in March 2008) which permitted reduced sentences under the prior crack cocaine guidelines, Bell moved *pro se* for a reduction in sentence. The motion was denied. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Bell contends that the denial of his request for a sentence reduction under 18 U.S.C. § 3582(c)(2): (1) was an abuse of discretion, and (2) required notice and a hearing.

Although this court has not yet determined the appropriate standard of review to apply to a district court decision denying a motion under 18 U.S.C. § 3582(c)(2), the court did observe in *Cortorreal v.*

---

1. The Honorable Richard J. Arcara, District Judge, United States District Court for the Western District of New York, sitting by designation.

*United States,* 486 F.3d 742 (2d Cir.2007), that "[t]hose circuits that have addressed the issue have determined that such a decision should be reviewed for abuse of discretion." *Id.* at 743. As in *Cortorreal,* however, this court "need not decide the standard of review ... because [the] appeal lacks merit under any standard of review". *Id.*

■ Section 3582(c)(2) states that a court *"may* reduce the term of imprisonment" based on a sentencing range that has subsequently been lowered, but only "after considering the factors set forth in § 3553(a)" and determining whether such a reduction is consistent with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2) (emphasis added). As the statute thus makes clear, reduction is entirely discretionary and the court has substantial latitude in determining whether a reduction is warranted. This discretion, however, is not unlimited. It must be exercised in light of U.S.S.G. § 1B1.10 which implements the authority provided by § 3582 to reduce a sentence. Section 1B1.10 directs a sentencing judge to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced" and to assess the request for a sentence reduction accordingly. U.S.S.G. § 1B1.10(b)(1).

Here, the district court's decision fully complied with the requirements of both § 3582 and § 1B1.10. In his decision and order dated March 10, 2008, the district judge denied relief because Bell "was afforded substantial lenity at his original sentencing", including: (1) the rejection of a gun-enhancement; (2) the reduction for acceptance of responsibility (despite the fact that Defendant had tipped-off a target of the government investigation); and (3) the reduction in Bell's criminal history category. The district judge also calculat-

ed—in compliance with § 1B1.10—the new guideline range of 135 to 168 months. After completing this analysis, the district judge concluded that "even if Defendant had the benefit of the reduced guideline range, [and] taking into consideration the guideline recommendations and the policy considerations set forth at § 3553(a), the Court would, nevertheless, have sentenced Defendant to 180 months."

Thus the district court calculated the guideline as required by § 1B1.10, articulated its reasons for denying Bell's request under § 3582, and considered the § 3553(a) factors. The law requires no more. *See United States v. Gonzales,* 282 F.App'x 82, 83 (2d Cir.2008).

■ Bell also contends that the denial of his motion required notice and hearing. The single case he cites in support of this argument, *United States v. DeMott,* 513 F.3d 55 (2d Cir.2008), is inapposite as it involved a failure of notice for an *actual* resentencing, not a *motion* requesting a sentence reduction. *Id.* at 58. Furthermore, § 1B1.10 makes clear that "proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). A court's resolution of a motion for sentence reduction need not constitute a full-blown resentencing procedure, otherwise, the adjudication of the motion would be the resentencing and the motion would be moot. As such, it is clear that no notice or hearing were required here.

For the foregoing reasons, we hereby **AFFIRM** the order of the district court.