**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-6513**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ALBERT HOLMES, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (7:96-cr-00108-002)

Submitted:  November 5, 2008          Decided:  December 9, 2008

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Albert Holmes, Jr., Appellant Pro Se.  Jean Barrett Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Holmes, Jr., appeals the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (2006). Holmes argues that the district court erred by failing to reduce his sentence based upon Amendment 706 of the Guidelines, see U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c) (2007 & Supp. 2008); USSG App. C, Amend. 706. (E.R. 25). We have reviewed the record and find no reversible error. Accordingly, we affirm substantially for the reasons stated by the district court. United States v. Holmes, No. 7:96-cr-00108-002 (W.D. Va. March 14, 2008).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]We need not decide whether a defendant's history of institutional infractions is an appropriate consideration justifying the denial of a § 3582 motion. See United States v. Rodriguez-Pena, 470 F.3d 431, 433 (1st Cir. 2006) (holding post-judgment rehabilitation "provides no basis either for a sentencing reduction in its own right . . . or for a further downward departure where a § 3582(c) reduction is ordered for some other reason"); United States v. Hasan, 245 F.3d 682, 690 (8th Cir. 2001) (holding district court erred in granting § 3582(c)(2) sentence reduction based on post-sentence conduct). Because the district court provided an adequate alternative rationale explaining why the original sentence remained appropriate pursuant to § 3553(a), the district court did not abuse its discretion in denying the § 3582 motion.