

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2009

# USA v. Burnett

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2403

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Burnett" (2009). *2009 Decisions*. Paper 1897.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1897

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2403
_____

UNITED STATES OF AMERICA,

v.

JOSEPH BURNETT,
a/k/a
JOHN JONES

Joseph Burnett,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 01-cr-0005-1)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
February 2, 2009

Before:   RENDELL, JORDAN and ROTH, *Circuit Judges*,

(Filed: February 09, 2009 )

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Defendant Joseph Burnett appeals a District Court order denying his motion for a sentence reduction under the United States Sentencing Commission's recent amendment to the Guidelines ranges for crack cocaine offenses. Because the District Court's decision to deny Burnett's motion was an appropriate exercise of its discretion, we will affirm its order.

## I. Background

On March 12, 2001, Burnett pled guilty to distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). He was sentenced, on August 29, 2001, to ninety-seven months in prison: thirty-seven months for the drug charge and sixty months for the weapons charge. On February 14, 2003, the District Court, upon the government's motion, recognized Burnett's substantial assistance to the government and reduced his prison sentence to seventy-eight months, pursuant to Federal Rule of Criminal Procedure 35(b). On November 1, 2007, Burnett escaped from the Capitol Pavilion Community Corrections Center. He was arrested and, on February 20, 2008, pled guilty to escape, in violation of 18 U.S.C. §751(a).

While awaiting his sentence for escape,[1] Burnett brought a motion before the District Court requesting that his sentence for distributing crack cocaine be reduced based on the recent amendment to the Sentencing Guidelines for crack cocaine offenses. On May 2, 2008, the District Court issued an order denying Burnett's motion for a sentence reduction. The District Court reasoned that: "Defendant plead[ed] guilty to escape on February 20, 2008. That plea, along with institutional incident reports, shows that Defendant presents a public safety factor and is not deserving of a reduction." (App. 3.) Burnett filed a timely notice of appeal and argues that the District Court erred in denying his motion for a sentence reduction.

## II.    Discussion[2]

Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which generally decreased by two levels the base offense levels for crack cocaine offenses. *See United States v. Wise*, 515 F.3d 207, 220 (3rd Cir. 2008). A defendant who was sentenced on a crack cocain offense before Amendment 706 took effect can bring a motion in the district court requesting that his sentence be reduced pursuant to 18 U.S.C. § 3582(c)(2).

---

1The District Court eventually sentenced Burnett to thirty-seven months imprisonment for escape, to run consecutively with the time remaining on his sentence for the drug and weapons convictions.

2 The District Court had jurisdiction to review Burnett's motion for modification of his sentence under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

3

Congress has provided district courts with the discretion to reduce sentences that are based on sentencing ranges that are subsequently lowered by the Sentencing Commission:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).[3] The Sentencing Guidelines provide three factors for consideration in deciding whether to exercise that discretion to reduce a sentence under § 3582(c)(2). U.S.S.G. § 1B1.10, n.1(B). First, the court should consider the 18 U.S.C. § 3553 (a) factors. *Id.* at n.1(B)(i). Second, it should take into account public safety considerations. *Id.* at n.1(B)(ii). Specifically, the Commentary to the

---

[3] We review *de novo* a district court's interpretation of the Sentencing Guidelines. *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008). Although we have not explicitly set forth the applicable standard of review of a district court's decision to grant or deny a sentence modification pursuant to 18 U.S.C. § 3582(a)(2), circuits which have considered the issue apply an abuse of discretion standard. *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007); *United States v. Rodriguez-Pena*, 470 F.3d 431, 432 (1st Cir. 2006). Courts which have considered the interplay between the career offender provisions of the Guidelines and the recent amendments to the crack cocaine ranges have applied a *de novo* standard of review to the district court's interpretation of the impact of the amendments on the Sentencing Guidelines and an abuse of discretion standard to the court's determination of whether to grant a particular defendant's motion for a sentence modification under those amendments. *United States v. Sharkey*, 543 F.3d 1236, 1238-39 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008). We will do the same.

4

Guidelines directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment... ." *Id.* And third, the court should consider a defendant's post-sentence conduct. *Id.* at n.1(B)(iii).

The District Court considered the evidence before it – evidence that included prison incident reports and Burnett's guilty plea to the crime of escape – and concluded that Burnett presented a public safety risk and did not deserve to have his sentence reduced. The District Court thus had a proper legal and factual basis for its decision. There was no abuse of discretion.

## III.    Conclusion

Because the District Court's decision to deny Burnett's motion was an appropriate exercise of its discretion, we will affirm its order denying a reduction in Burnett's sentence.