08-5444-cr
USA v. Aviles

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of November, two thousand nine.

PRESENT:    Robert A. Katzmann,
            Barrington D. Parker,
            Gerard E. Lynch,
                        *Circuit Judges*.

-----------------------------------------------------------------

United States of America,
                        *Appellee*,

                v.                                  No. 08-5444-cr

Miguel Aviles,
                        *Defendant-Appellant*.
-----------------------------------------------------------------

APPEARING FOR APPELLANT:    Richard Jasper, New York, New York

APPEARING FOR APPELLEE:     Preet Bharara, United States Attorney for the Southern District of New York (Amanda Kramer and Katherine Polk Failla, Assistant United States Attorneys, *of counsel*), New York, New York

Appeal from the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Miguel Aviles, a federal prisoner, appeals from an order of the United States District Court for the Southern District of New York (Scheindlin, J.) denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on amendments to the United States Sentencing Guidelines that lowered the base offense levels applicable to offenses involving crack cocaine.

"A district court may not generally modify a term of imprisonment once it has been imposed." *Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007) (per curiam). An exception to that rule applies to "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Although Aviles was sentenced for offenses involving crack cocaine, and the guidelines applicable to such offenses were lowered in 2007 by amendments made retroactive in 2008, see U.S.S.G. Supp. to App. C, amends. 706 & 713 (2008); *United States v. McGee*, 553 F.3d 225, 225 (2d Cir. 2009) (per curiam), Aviles is not eligible for such a reduction because his original sentence was not "based on" the subsequently-lowered crack guidelines.

The guidelines range for Aviles's offenses was calculated at 210–262 months' imprisonment. This calculation was academic, however, because the offenses of conviction carried mandatory minimum sentences totaling life imprisonment plus 35 years. That minimum, and the guidelines, were, in turn, rendered inapplicable by a government motion, pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, based on Aviles's substantial assistance to law enforcement. Accordingly, the district court sentenced him to imprisonment for 144 months. That sentence bore no obvious relation to the guidelines recommendation. Moreover, as is

apparent from the sentencing transcript, the sentence was based on a careful balancing of the facts and circumstances of the offenses, the character and history of the defendant, and the various purposes of sentencing. The guidelines were mentioned only briefly and obliquely in that discussion, and the sentence was in no sense "based on" the applicable guidelines. The law is clear that when the district court grants a § 5K1.1 motion and does not base the resulting sentence on a guidelines calculation, the defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). United States v. Williams, 551 F.3d 182, 186-87 (2d Cir. 2009).

Even if Aviles were eligible for such a reduction, the decision whether to grant a reduction is confided to the sound discretion of the district court. *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). Here, the district court declined to reduce the sentence, stating that the original sentence "was never attached to the guidelines," because the court "gave what [it] thought was right that day, without consideration to the guidelines." Because the sentence was "already lenient," and the court continued to believe it was the "right" sentence, the court declined to modify the sentence. We can see no abuse of discretion in that decision.

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____

3