08-2104-cr
USA v. Jennings

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand and eight.

PRESENT:    DENNIS JACOBS,
                        *Chief Judge*,
                GUIDO CALABRESI,
                DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,               _____

_____
                        *Appellee,*

        -v.-                                                        No. 08-2104-cr

KEITH JENNINGS,

                        *Defendant-Appellant.*

_____

-1-

Appearing for Appellee:            ANDREW T. BAXTER, United States Attorney,
                                   Northern District of New York (John. M. Katko and
                                   Elizabeth S. Riker, Assistant United States
                                   Attorneys, *of counsel*), Syracuse, N.Y.

Appearing for Defendant-Appellant:  MARSHA R. TAUBENHAUS, New York, N.Y.

_____

**UPON DUE CONSIDERATION** of this appeal from a judgment entered in the United States District Court for the Northern District of New York (McAvoy, *J.*), it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of the District Court is **AFFIRMED**.

_____

Defendant-Appellant Keith Jennings appeals from a decision and order by the district court for the Northern District of New York (McAvoy, *J.*) denying his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court may not generally modify a term of imprisonment once it has been imposed[,]" but 18 U.S.C. § 3582(c)(2) provides a limited exception that allows a district court to "reduce the term of imprisonment of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission [("Commission")] . . . ." *Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007) (per curiam) (internal quotation marks omitted). In 2007 and 2008, the Commission amended the United States Sentencing Guidelines by reducing the recommended Guidelines sentence for offenses involving cocaine base (collectively, the "crack-cocaine amendments"). *See, e.g.*, U.S.S.G. app. C, amend. 706 (2007), as amended by amend. 711; *id.* amend. 715 (2008). The crack-cocaine amendments were made retroactive, subject to certain conditions. *See*

U.S.S.G. § 1B1.10. Relying upon these amendments,[1] Jennings filed a motion for a reduced sentence under § 3582(c)(2) on February 22, 2008. In an order filed on April 15, 2008, the district court denied the motion after concluding that Jennings was not eligible for relief under the statute.

We review *de novo* a district court's interpretation of 18 U.S.C. § 3582(c)(2) and the relevant Sentencing Guidelines. *See United States v. Main*, 579 F.3d 200, 202–03 (2d Cir. 2009).

The government argues that the district court properly denied Jennings's § 3582(c)(2) motion because he was sentenced to a mandatory minimum sentence of life imprisonment under 21 U.S.C. § 848(b). Jennings objects that he was convicted under 21 U.S.C. § 848(a), a lesser-included offense that requires a minimum sentence of only 20 years' imprisonment. He argues that the aggravating elements necessary to sustain a § 848(b) conviction were not found by the jury beyond a reasonable doubt. *See United States v. Torres*, 901 F.2d 205, 240–41 (2d Cir. 1990). We need not decide this issue, however, because Jennings is ineligible for a § 3582(c)(2) sentence reduction on other grounds. The crack-cocaine amendments do not apply to offenses that involve more than 4.5 kg of cocaine base, which is now the highest offense level under U.S.S.G. § 2D1.1. Here, Jennings's crime of conviction was found to involve 13.6 kg of cocaine base, in addition to 19.0 kg of cocaine and 185.0 kg of marijuana. Because Jennings's offense involved an amount well above the 4.5 kg threshold, his sentence was not "based on a sentencing

---

[1] Jennings's motion in the district court was made pursuant to Amendment 706, and the district court made its decision under that amendment. On appeal, Jennings contends that it is Amendment 715, rather than Amendment 706, that is applicable to his case because his charged offenses involved marijuana and powder cocaine in addition to cocaine base. The distinction between Amendment 706 and 715 is not relevant for the resolution of this appeal. Jennings is not eligible for relief under either amendment, and for the same reason.

range that has subsequently been lowered" by the Sentencing Commission, and so § 3582(c)(2) does not apply to him.

We have considered all of Appellant's remaining arguments and found them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By: _____